# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        PLAINTIFF,<br><br>v.<br><br>ALBERT BENJAMIN PEREZ,<br><br>        DEFENDANT. | No. 2:16-cr-00729-JAK<br><br>**ORDER RE STIPULATION REGARDING NEUROPSYCHOLOGICAL EVALUATION OF DEFENDANT (DKT. 225); AND**<br><br>**STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT (DKT. 226)** |

1

Based on a review of the Stipulation Regarding Neuropsychological Evaluation of Defendant ("Stipulation I" (Dkt. 225)) and the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act ("Stipulation II" (Dkt. 226)) (collectively, "Stipulations"), sufficient good cause has been shown for the requested relief. Therefore, the Stipulations are **APPROVED**, as follows:

The parties shall proceed with scheduling a neuropsychological evaluation of Mr. Perez. The parties are directed to coordinate with the Bureau of Prisons to ensure that the evaluation is scheduled as early as it can reasonably be completed. The parties shall file a joint status report on the earlier of every 60 days, or within 10 days of any material development regarding the scheduling or completion of Mr. Perez's evaluation. The first 60-day report shall be filed no later than December 11, 2023.

The final pre-trial conference, previously scheduled for October 5, 2023, at 8:30 a.m., is reset for April 4, 2024, at 8:30 a.m. This is also the last date for all motions to be heard. The trial presently set for October 17, 2023, at 9:00 a.m., is reset for April 9, 2024 at 9:00 a.m.

It is determined that Stipulation II, which is incorporated by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

It is further determined that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The time period of October 17, 2023 to April 9, 2024, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (B)(iv).

The time period of January 11, 2023, to the date of the Court's ruling on Defendant's competency, inclusive, is also excluded pursuant to 18 U.S.C. § 3161(h)(1)(A).

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

**IT IS SO ORDERED.**

Dated: October 10, 2023

_____
John A. Kronstadt
United States District Judge