Michael S. Devereux (SBN 225240)
**WEXFORD LAW**
468 N. Camden Drive, Suite 200
Beverly Hills, California 90210
Telephone: (424) 444-0883

Attorneys for DEFENDANT, ALBERT PEREZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: CR 16-00729-JAK |
|---|---|
| PLAINTIFF, | DEFENDANT'S BRIEF ADDRESSING THE RESPONSIBILITY FOR FUNDING PENDING NEUROPSYCHOLOGICAL EVALUATION |
| v. | |
| ALBERT BENJAMIN PEREZ, | |
| Defendant. | |

Counsel for Defendant Albert Benjamin Perez hereby submits this brief to this Honorable Court to determine the funding responsibility pursuant to 18 U.S.C. §§ 4241, 4244.

Dated: February 13, 2025          Respectfully Submitted,

                                   By: *Michael S. Devereux*
                                       Michael S. Devereux
                                       Attorney for Defendant
                                       Albert Benjamin Perez

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This legal brief addresses the responsibility for funding Defendant Albert Benjamin Perez's pending neuropsychological evaluation to determine his competency to stand trial. The evaluation was initially requested by the defendant, but after several months of delay the Bureau of Prisons (BOP) conducted an incorrect evaluation. Subsequently, the parties stipulated to a neuropsychologist, and the court ordered the evaluation based on this stipulation. Again, after close to a year waiting on the Bureau of Prisons to conduct the evaluation, they informed the parties that they were not capable of such an evaluation.

Subsequently, an attempt to fund the evaluation was presented to the Criminal Justice Act (CJA) who has refused to authorize the evaluation, asserting that the Department of Justice (DOJ) should bear the cost. This brief will analyze the relevant legal framework and case law, particularly focusing on Ninth Circuit precedents, to determine the appropriate funding responsibility.

## II. HISTORY OF THE REQUEST

Defendant Albert Benjamin Perez filed a motion for a psychiatric examination on January 11, 2023, which was granted by Judge Kronstadt, setting a competency hearing for February 23, 2023. The competency hearing was continued

multiple times due to delays at the Metropolitan Detention Center, where Mr. Perez is housed. On September 14, 2023, a competency hearing was held, and the parties were directed to submit a stipulation and proposed order regarding a further medical examination. The parties eventually stipulated to a neuropsychologist, and the court ordered the evaluation based on this stipulation. The MDC was tasked with scheduling the evaluation with an offsite neuropsychologist but failed to do so, citing a lack of resources. In January 2025, the CJA refused to pay for the expert, asserting that the DOJ should be responsible for the cost.

### III. LEGAL ANALYSIS

#### A. Ninth Circuit Precedents

While the Ninth Circuit has not directly addressed this specific issue, its general approach to similar matters can be inferred from related cases. The Ninth Circuit typically emphasizes the importance of ensuring that defendants receive necessary evaluations to protect their constitutional rights, particularly when the evaluations are court-ordered.

#### B. Statutory Framework

Under 18 U.S.C. § 4241, a court may order a psychiatric or psychological examination to determine a defendant's competency to stand trial. The statute does not explicitly allocate the financial responsibility for such evaluations. However, 18

U.S.C. § 3006A(e) provides for the appointment of experts at the expense of the CJA for indigent defendants, unless another statute specifies otherwise.

In *U.S. v. Rogalsky* 575 F.2d 457 (3RD Circ. 1978) the Third Circuit held that the DOJ is responsible for the costs of psychiatric examinations conducted by court-appointed physicians under 18 U.S.C. § 4244, but not for those conducted by defense-employed physicians under 18 U.S.C. § 3006A(e). This suggests that if the court orders the evaluation under the appropriate statute, the DOJ would be responsible for the payment.

According to federal law, the responsibility for paying for a neuropsychologist evaluation when the Bureau of Prisons (BOP) lacks a neuropsychologist and Criminal Justice Act (CJA) funds refuse to pay, citing 18 U.S.C. § 4241, generally falls to the Department of Justice (DOJ). According to *Rogalsky*, the Department of Justice is responsible for the costs of psychiatric examinations conducted by physicians appointed by the court under 18 U.S.C. § 4244, but not for those conducted by physicians employed by the defense under 18 U.S.C. § 3006A(e). *Id.*

This indicates that if the court orders the evaluation under the appropriate statute, the DOJ would be responsible for the payment. Therefore, if the evaluation is ordered by the court under the relevant statute, the DOJ would be responsible for the payment. If the evaluation is not court-ordered or falls under a different provision, the responsibility may differ.

## III. CONCLUSION

Based upon the statutory framework and relevant case law, it appears that the DOJ should be responsible for funding Defendant Albert Benjamin Perez's neuropsychological evaluation. The evaluation was court-ordered following a stipulation by the parties, and the CJA's refusal to authorize the evaluation aligns with precedents indicating that the DOJ bears the financial responsibility in such circumstances. The court should direct the DOJ to cover the costs to ensure that Mr. Perez's rights are adequately protected.

Dated: February 13, 2025                    Respectfully Submitted,


By: *Michael S. Devereux*
      Michael S. Devereux
      Attorney for Defendant
      Albert Benjamin Perez